(No. 87-CC-3186–

WALTER MONTGOMERY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1988.*

WALTER MONTGOMERY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KIMBERLY L. DAHLEN, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

This is a prisoner personal property case combined with a claim for lost prisoner pay on two separate occasions when the Claimant was found to have been wrongfully removed from his job assignment.

First, with respect to Claimant's claim for lost personal property, Claimant testified that on November 22, 1985, Claimant "was walked" from his job assignment on a disciplinary ticket. He was not allowed to stop at his cell to gather his personal property. On the next day, while Claimant was in segregation, it was discovered that a substantial amount of his property was missing. The institutional inquiry board ordered an investigation into Claimant's loss of his personal property and the institutional investigation determined that Claimant's property was lost due to staff negligence. Claimant claimed that the value of his lost personal property was $299.90.

The institutional administrative board determined that Claimant's loss was $150.00. This amount was deposited to Claimant's trust account. Claimant failed to make any proof of the value of his property other than what may have been set forth on Claimant's bill of particulars.

With respect to Claimant's claim pertaining to lost pay, Claimant was removed from his job assignment on disciplinary tickets on two separate occasions. First, on November 22, 1985, Claimant was removed from his job assignment until February 20, 1986. The institutional

administrative board later determined that this removal was wrongful. Again on May 17, 1986, Claimant was removed from his job assignment and this removal was also determined to have been wrongful and Claimant was reinstated.

During both occasions that Claimant was removed, he received a reduced rate of pay at $10.00 per month, instead of $26.00 per month (Respondent's brief, page 1).

Respondent takes the position that Claimant failed to offer any proof of the value of his property and cites *Hale v. State* (1986), 39 Ill. Ct. Cl. 221.

With respect to Claimant's claims pertaining to lost pay, Respondent has taken the position that prison employment is a privilege and not a right (citing administrative regulations). Institution regulations do not provide for payment of "back pay" when it is determined that an inmate is removed from his employment status wrongfully.

On the record in this case, it is impossible to determine that the amount paid to Claimant for his lost personal property was inadequate. It is the responsibility of Claimant to come forward with proof of value. Claimant failed to adduce any proof of value.

That portion of Claimant's claim pertaining to lost income from wrongful removal from a job assignment invites the Court to adjudicate the fairness or propriety of the administrative regulations applicable to the Department of Corrections and the provisions pertaining to prisoner job assignments. During the entire time that Claimant's disciplinary tickets were under consideration, Claimant received $10.00 per month for unassigned State pay (Respondent's brief, page 3). This is the

amount Claimant was entitled to since he was not assigned to a job at that time (Respondent's brief, page 3). Perhaps most importantly, Claimant offered no evidence that the disciplinary tickets which gave rise to Claimant's removal from his job assignment were negligently or wrongfully issued. Claimant asked this Court to rely upon the act of the administrative personnel in the prison, in restoring Claimant to his job assignment, upon which to predicate total liability in this Court. This Court has not previously acted as a court of review over the administration of prison regulations except in cases where proof of violations of existing regulations tends to establish liability of the Respondent under recognized principles of tort law.

It is therefore ordered, adjudged and decreed that the Claimant's claim be denied.