(No. 92-CC-1721—)

JOHNNY SMITH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1998.*

JOHNNY SMITH, *pro se.*

JIM RYAN, Attorney General (MICHAEL A. WULF and BRADLEY R. BUCHER, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

The Claimant, Johnny Smith, originally filed a complaint for $3.52 which was later amended to add additional sums of $1.72 and $.87 for a total claim of $6.11.

The issue is an interpretation of the Illinois Department of Corrections' Rules, specifically section 525.130 "Outgoing Mail." Section 525.130 provides as follows:

"(a) Committed persons shall be permitted to mail at State expense the equivalent of three one-ounce, first-class letters to the continental United States each week. This allowance may not be transferred from one committed person to another, nor may it accumulate from one week to another.

(b) Committed persons shall be permitted to send additional letters if they have sufficient funds in their trust fund accounts and attach signed money vouchers to cover the postage. Committed persons with insufficient money in their trust fund accounts shall be permitted to send reasonable amounts of legal mail and mail to clerks of any court or the Illinois Court of Claims and to certified court reporters at State expense. All other mail will be sent only if the committed person has sufficient funds to pay the postage."

The Claimant testified that the Department interpreted the rules so that, if legal mail were sent out at State expense and an inmate later obtained money in his trust fund account, the amount of legal mail postage which had been advanced to the inmate was then reimbursed to the Department. He claims that, in the past, the amounts had not been charged to the inmate's account.

Sharon Patchett testified that she is the administrative assistant for the assistant warden of operations at Pontiac Correctional Center. Ms. Patchett testified that she is familiar with the policies and procedures concerning legal mail and that it has always been the procedure of the Department that inmates were allowed to send out legal mail at State expense if they do not have funds in their trust account, so that the inmates' legal issues would not be delayed. Ms. Patchett further testified that it has been the policy that, if the inmate subsequently received any funds in his trust account, the Department would be reimbursed for funds advanced.

This appears to be a matter of first impression with the Court of Claims. However, the Court has held that it is not the role of the Court to act as a Court of review over the administration of prison regulations except in cases where proof of violations of existing regulations tends to establish liability of the Respondent under recognized principles of tort law. *Montgomery v. State* (1988), 41 Ill. Ct. Cl. 190; *Brady v. State* (1977), 32 Ill. Ct. Cl. 240; *Holmes v. State* (1978), 32 Ill. Ct. Cl. 274.

Although the rules concerning mail could be more clearly written, it would be inconsistent for the Department to send legal mail at State expense, and without reimbursement, for an inmate who may have a substantial amount in his trust account the day after the mailing, but charge the mailing expense to an inmate with a small amount in his trust account at the time of the mailing.

It is therefore ordered that this claim is denied.